IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

GIDGET E. MOORE,

        Plaintiff,

vs.                                  Civil Action 2:14-CV-455
                                        Judge Marbley
                                        Magistrate Judge King

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

**REPORT AND RECOMMENDATION**

      This action was instituted under the provisions of 42 U.S.C. §§ 405(g), 1383(c), for review of a final decision of the Commissioner of Social Security denying plaintiff's applications for disability insurance benefits and supplemental security income. On September 28, 2015, the Court reversed the decision of the Commissioner pursuant to Sentence 4 of 42 U.S.C. § 405(g) and remanded the matter for further consideration. *Opinion and Order*, ECF No. 21. This matter is now before the Court on *Plaintiff Gidget E. Moore's Motion for Award of Attorney Fees and Costs pursuant to the Equal Access to Justice Act*, ECF No. 23 ("*Plaintiff's Motion for Fees*"). The Commissioner opposes *Plaintiff's Motion for Fees*, *Defendant's Response to Plaintiff's Petition for Attorney Fees,* ECF No. 24 ("*Commissioner's Response*"), and plaintiff has filed a reply, *Plaintiff's Gidget E. Moore's Reply to Defendant's Memorandum in Opposition to Plaintiff's Petition for Attorney Fees*, ECF No. 25 ("*Reply*").

      The Equal Access to Justice Act ("EAJA") provides in pertinent part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... brought by or against the United States ... unless

> the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. §2412(d)(1)(A). In order to recover attorney fees under the EAJA, a plaintiff must satisfy three conditions: (1) she must be a "prevailing party"; (2) the Government's opposing position must have been without substantial justification; and (3) there must be no special circumstances that warrant denying relief. *DeLong v. Comm'r of Soc. Sec.,* 748 F.3d 723, (6th Cir. 2014)(citing *Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 840 (6th Cir. 2006), and 28 U.S.C. §2412(d)(1)(A)).

In the case presently before the Court, the Commissioner does not deny that plaintiff qualifies as a prevailing party, nor does the Commissioner contend that there exist special circumstances that would render an award under the EAJA unjust. Instead, the Commissioner contends that her position in initially denying benefits and defending that denial before this court was "substantially justified" within the meaning of the EAJA.

### 1. Substantial Justification

The United States Court of Appeals for the Sixth Circuit has considered the meaning of the term "substantially justified" for purposes of the EAJA:

> The government's position under §2412(d)(1)(A) is "substantially justified if it is 'justified in substance or in the main' -- that is, justified to a degree that could satisfy a reasonable person." ... [A] position can be justified even though it is not correct, and we believe it can be substantially (*i.e.,* for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.

*United States v. Real Property Located at 2323 Charms Road,* 946 F.2d 437, 440 (6th Cir. 1991) (citations omitted). In making this determination, a court may not resolve conflicts in evidence. *Ulman v. Comm'r of Soc. Sec.*

2

693 F.3d 709, 713(6th Cir. 2012). An order of remand pursuant to Sentence 4 of 42 U.S.C. § 405(g) is not alone "a proper basis for the allowance of fees and expenses under" the EAJA. *Couch v. Sec. of Health & Human Servs.*, 749 F.2d 359, 360 (6th Cir. 1984)(*per curiam*).

The administrative law judge found that plaintiff had the mental residual functional capacity ("MRFC") to perform jobs that require no more than "occasional interaction with the public; no more than simple, repetitive tasks performed with the need for only regularly scheduled breaks and with the ability for either production-oriented or goal-oriented work." *PageID* 71.  However, this MRFC determination fails to include limitations on maintaining concentration, persistence or pace and limitations on production or quota requirements, even though those limitations were included in the opinions of the reviewing state agency psychologists, to whose opinions the administrative law judge accorded "significant adjudicative weight." *See PageID* 71. In reversing the decision of the Commissioner and remanding the matter for further consideration, the Court concluded that the administrative law judge erred in this regard:

> Thus, this Court is left with an inability to discern whether the ALJ discounted portions of these three State agency consultants' opinions for valid or invalid reasons, or simply ignored them altogether. *See Stacey* [*v. Comm'r of Soc. Sec*.], 451 F.App'x [517] 519 [(6th Cir. 2011)]. Such omissions constitute procedural error according to the Sixth Circuit.

*Opinion and Order*, PAGEID# 1465-66. The error was compounded, in the Court's view, when the administrative law judge expressly found that plaintiff is "moderately impaired" in the area of concentration, persistence and pace, but where the MRFC failed to incorporate that impairment. *Id.* at PAGEID 1466.

In arguing that its position was substantially justified, the

Commissioner characterizes the administrative law judge's error as "solely one of articulation." *Commissioner's Response*, PAGEID# 1501. This Court disagrees. The administrative law judge's decision was internally inconsistent and utterly failed to comply with well-established governing principles. The Court therefore concludes that the position of the Commissioner was not substantially justified and that an award of fees under the EAJA is warranted.

### 2. Reasonableness of Itemized Hours

Having determined that an attorney fee should be awarded under the EAJA, the Court must also determine what fee is reasonable. *See* 28 U.S.C. § 2412(d)(2)(A); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (The plaintiff has the burden of proving that the fees requested under the EAJA are in fact reasonable.). Plaintiff seeks an attorney fee of $7,975.80 for 42.10 hours of work compensated at the rate of $189.00 per hour. *Plaintiff's Motion for Fees*.[1] The Commissioner does not challenge the hourly rate sought by plaintiff, but contends that the hours for which compensation is sought should be reduced because they include "clerical and other tasks that are not compensable under the EAJA," *Commissioner's Response*, PAGEID# 1504, mix multiple tasks under the same entry, *id.* at PAGEID# 1505, and reflect excessive amounts of time on certain tasks, *id.*

The Commissioner first complains that tasks such as "receipt and review" of e-mails from the Court, "receipt and download" of the transcript, and "check court docket, print same" are noncompensable clerical tasks. *Id.* at PAGEID# 1504 (referring to entries in *Itemization of Time*, ECF No. 23-3, attached to *Plaintiff's Motion for Fees).* This Court disagrees. In

---

[1] Plaintiff also seeks $5.85 in reimbursable costs, *Plaintiff's Motion for Fees*, PAGEID# 1469, and the Commissioner does not oppose that request. *See generally*

4

an era of electronic filing, it would be inefficient and indeed wasteful to require an attorney to segregate from his or her time records the miniscule amount of time necessary to send an email, or to download and print an electronic file. *But see Williams v. Comm'r of Soc. Sec.*, No. 1:12-cv-358, 2013 WL 5707792, *3 (N.D. Ohio Oct. 18, 2013)("[D]ownloading, mailing and receiving documents" by an administrative assistant are not separately compensable under the EAJA).

In a somewhat related argument, the Commissioner suggests that the hours itemized by plaintiff's counsel should be reduced because itemizations "mix multiple tasks under the same entry." *Commissioner's Response*, PAGEID# 1505 (referring to, *e.g.,* "'review final Draft Stmt. Of Errors, create pdf, file with Court, receipt email re: NEF (Doc #11)' (Doc. 23-3;PageID 1489"). Because these entries are not duplicative and do not, for the reason state *supra*, intermingle compensable and noncompensable work, the Court will not reduce plaintiff's itemized hours in this regard.

Finally, the Commissioner contends that the hours associated with certain tasks are excessive. In particular, the Commissioner points to 6.45 hours relating to the drafting and filing of the *Complaint* and IFP application, .45 hours relating to the drafting of plaintiff's EAJA affidavit, 1.2 hours relating to the drafting of counsel's EAJA affidavit, and .4 hours relating to the editing of the EAJA draft and preparation of exhibits for filing. *Id.* at PAGEID# 1505-06. In reply, plaintiff "relies solely upon the Court's judgment" and declines to "attempt[] to artificially restrain that judgment in one direction or the other." *Reply*, PAGEID# 1514.

---

*Commissioner's Response*.

This Court agrees that 6.45 hours is an excessive amount of time spent drafting and filing the standard *Complaint* and IFP application; the Court deems 3.0 hours spent in this regard as generous. However, the Court does not find excessive the .45 hours spent drafting of plaintiff's EAJA affidavit, or the 1.2 hours spent drafting counsel's EAJA affidavit. These documents are not form documents but are, rather, tailored to this litigation. *Cf., e.g., Lemmon v. Commissioner of Social Security*, 2:13-cv-410, *Affidavit of Tracey Lemmon*, ECF No. 27-1; *Affidavit of Counsel*, ECF No. 27-2. Similarly, the Court does not deem excessive the .4 hours spent editing the EAJA application and preparing the associated exhibits for filing.

The Court will therefore reduce the hours itemized by 3.0 hours, for a total of 39.10 hours of work, compensated at the rate of $189.00 per hour. Plaintiff is also entitled to recover the requested $5.85 in reimbursable costs.

It is therefore **RECOMMENDED** that *Plaintiff Gidget E. Moore's Motion for Award of Attorney Fees and Costs pursuant to the Equal Access to Justice Act*, ECF No. 23, be granted in part and that plaintiff be awarded an attorney fee of $ 7,389.90, and costs in the requested amount of $5.85.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1);

6

F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: March 31, 2016                               *s/Norah McCann King*
                                                    Norah McCann King
                                             United States Magistrate Judge